UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LHF PRODUCTIONS, INC.,
    *Plaintiff*,

v.                                                                          No. 3:16-cv-01689 (JAM)

DOES 1-11,
    *Defendants*.

## ORDER GRANTING MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENAS PRIOR TO A RULE 26(f) CONFERENCE

Plaintiff LHF Productions, Inc. alleges that defendants Does 1-11, identified only by their IP addresses, committed copyright infringement by distributing plaintiff's motion picture, *London has Fallen*, using BitTorrent, a peer-to-peer file distribution network. Doc. #4. Plaintiff moves pursuant to Fed R. Civ. P. 26(d)(1) for leave to serve third-party subpoenas on defendants' internet service provider ("ISP") for the limited purpose of discovering defendants' identities; only with defendants' identities will plaintiff be able to serve defendants with process and proceed with the case. Doc. #2-1 at 6-8. For substantially the reasons set forth in plaintiff's motion and supporting documents, I will GRANT the motion, having concluded that plaintiff has established good cause for entry of this order.

This order is subject to the following conditions and limitations:

1. Plaintiff may subpoena defendants' ISP only to obtain defendants' names, addresses, and email addresses, but not defendants' telephone numbers. Plaintiff may only use defendants' information, if obtained by defendants' ISP, for the purposes of this litigation; plaintiff is ordered not to disclose defendants' names, addresses, email addresses, or any other identifying information other than defendants' ISP number, that plaintiff may subsequently learn. Plaintiff shall not threaten to disclose any of defendants' identifying information. Defendants will be permitted to litigate this case anonymously unless and until this Court orders otherwise and only after defendants have had an opportunity to challenge the

       disclosures. Therefore, plaintiff is ordered not to publicly file any of defendants' identifying information and to file all documents containing defendants' identifying information under seal.

2. Plaintiff may immediately serve a Rule 45 subpoena on defendants' ISP to obtain each defendant's name, current and permanent address, and email address. Plaintiff is expressly not permitted to subpoena the ISP for defendants' telephone numbers. Plaintiff shall serve defendants' ISP with a copy of the complaint, this Order, and the subpoena.

3. After having been served with the subpoena, the ISP will delay producing to plaintiff the subpoenaed information until after it has provided defendants Does 1-11 with:

    a. Notice that this suit has been filed naming defendants as the individuals that allegedly downloaded copyright protected work;

    b. A copy of the subpoena, the complaint filed in this lawsuit, and this Order; and

    c. Notice that the ISP will comply with the subpoena and produce to plaintiff the information sought in the subpoena unless, within 60 days of service of the subpoena on defendants by the ISP, defendants file a motion to quash the subpoena or for other appropriate relief in this Court. If a timely motion to quash is filed, the ISP shall not produce the subpoenaed information until the Court acts on the motion.

4. Defendants' ISP will have 60 days from the date of service of the Rule 45 subpoena upon it to serve each defendant with a copy of the complaint, this Order, and the subpoena. The ISP may serve defendants using any reasonable means, including written notice sent to his or her last known address, transmitted either by first class mail or via overnight service.

5. Defendants Doe 1-11 shall have 60 days from the date of service of the Rule 45 subpoena and this Order upon them to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any requests to litigate the subpoena anonymously. The ISP may not turn over the identifying information of defendants to plaintiff before the expiration of this 60-day period. Additionally, if defendants or the ISP files a motion to quash or modify the subpoena, or a request to litigate the subpoena anonymously, the ISP may not turn over any information to plaintiff until the issues have been addressed and the Court issues an order instructing the ISP to resume turning over the requested discovery.

6. Defendants' ISP shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

7. Defendants' ISP shall confer with plaintiff and shall not assess any charge in

        advance of providing the information requested in the subpoena. If defendants' ISP receives a subpoena and elects to charge for the costs of production, it shall provide a billing summary and cost report to plaintiff.

8.     Any information ultimately disclosed to plaintiff in response to a Rule 45 subpoena may be used by plaintiff solely for the purpose of protecting plaintiff's rights as set forth in its complaint.

It is so ordered.

Dated at New Haven, Connecticut, this 12th day of October 2016.

                                                                                    */s/ Jeffrey Alker Meyer*  
                                                                                      Jeffrey Alker Meyer  
                                                                                      United States District Judge